# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:08-CR-209 |
| | § | |
| BARRON ERIC TATUM | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 30, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Barron Eric Tatum. The government was represented by Stevan Buys, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Denise Benson.

Defendant originally pleaded guilty to the offense Conspiracy to Possess with the Intent to Distribute and the Distribution of Cocaine and Cocaine Base, a Class A felony. The offense carried a statutory maximum imprisonment term of Life. The United States Sentencing Guideline range, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months. On May 18, 2000, as a result of a downward departure, U.S. District Judge Robert B. Maloney of the Northern District of Texas sentenced Defendant to 68 months imprisonment and five years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 assessment. On February 17, 2004, Defendant completed the term of imprisonment and began service of the supervision term. On September 2, 2004, this term of supervised release was revoked and Defendant was sentenced to an additional term of eight months imprisonment followed by a 48 month term of supervised release. This term of supervised release re-commenced on October 5, 2006.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and illegally possessing or using any controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by committing the offense of Conspiracy to Possess with Intent to Distribute Cocaine on December 12, 2007 in the Eastern District of Texas, case number 4:07-CR-246(13).

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by committing the offense of Conspiracy to Possess with Intent to Distribute Cocaine on December 12, 2007 would constitute a Grade A violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade A violation is 37 to 46 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to violating a mandatory condition of supervision by committing a crime under Federal law.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant, Barron Eric Tatum, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 40 months, to be served consecutively to any sentence of imprisonment the defendant is serving in cause numbers 4:07-CR-246(13), with no supervised release to follow.

**So ORDERED and SIGNED this 30th day of January, 2009.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE